No. 349
CUYAHOGA LUMBER CO. v. HABER
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4744, 4755. Decided Feb. 20, 1924
Chittenden, Kinkade and Richards, JJ., sitting

755. MECHANICS' LIEN — Compliance with 8312 GC. held prerequisite to perfecting lien—Substantial compliance with mechanics' lien law perfects lien—One furnishing fixtures under contract and also attaching same is a contractor rather than material man.

CHITTENDEN, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

This action was instituted in Cuyahoga Common Pleas for a determination of the validity and priority of mortgages, mechanics' liens, and a judgment lien upon certain premises in Cuyahoga County. A Fixture Co., under a contract, furnished and hung the electric fixtures. The Court of Appeals held:

1. "Compliance with 8312 GC. is essential to the perfecting of a mechanics' lien by a contractor."

2. "Substantial compliance with the requirements of the mechanics' lien law will perfect a good and valid mechanics' lien."

3. "A company which in accordance with the contract furnishes fixtures and also hangs them in place, is a contractor."

Attorneys—Bulkley, Hauxhurst, Jamison & Sharp, for Lumber Co.; Morgenstern & Morgenstern, Tills & Van Derveer, M. Webensky, D. B. Glick, W. W. Rosenzweig, J. Moldaver, and Ammerman & Thompson, for Haber, all of Cleveland.

---

No. 350
BOTZUM BROS. CO. v. OHIO STATE BANK & TRUST CO et al
Ohio Appeals, 9th Dist., Summit County
No. 814. Decided Feb. 28, 1924

755. MECHANIC'S LIEN—Materials must be furnished for the improvement of a particular property to entitle material man to lien—Material man not entitled to lien in instant case, as material was not furnished for specific property.

WASHBURN, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action to foreclose a mechanic's lien. Beck was the owner of Lots Nos. 2, 3, 4, 5 and 6, located in Lakeside Court, and said lots were contiguous. Beck entered into a contract with Simons to construct a cellar and foundation for a house on each of said lots, the agreed price was $600 per lot. Simons ordered from the Botzum Bros. supplies and materials from time to time to be delivered in Lakeside Court, nothing being said, however, upon which lot this was to be used. The material was delivered to the street in front of Lot No. 5 and the contractor wheeled said supplies from there to the various foundations in the course of construction. While such foundations were being constructed, Beck gave mortgages to different persons on said lots separately. The amount unpaid for the supplies so delivered amounted to $812 and the Botzum Bros. filed a lien upon Lot No. 5, claiming that the materials were furnished for an improvement upon that lot. The trial court found that the material was used in equal proportion upon all six lots and allowed a lien upon Lot No. 5 to the amount of $135.20 only. The Botzum Bros. prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. In order that there may arise a mechanic's lien for material, it is essential that the materials should be furnished for the improvement of particular property, and if so furnished and delivered on said property, the lien may be good although such materials are afterwards used otherwise without the knowledge or consent of the person furnishing them.

2. In the instant case as the materials were not furnished for any particular lot, the material man was only entitled to a lien for a proportionate share of the material used upon the lot in question.

Attorneys—May & May, for the Botzum Bros. Co.; H. W. Schwab and Vaughan & Halderman, for Bank & Trust Co. et al, all of Columbus.